UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN PAUL MCGIRR,

                                             Plaintiff,                Case # 19-CV-1004-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

**INTRODUCTION**

Plaintiff Justin Paul McGirr brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is DENIED, McGirr's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

**BACKGROUND**

In February 2014, McGirr applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 101. He alleged disability since December 2013 due to several back, neck, and shoulder issues, along with asthma. Tr. 101-02. On August 7, 2018, Administrative Law Judge Maria Herrero-Jaarsma ("the ALJ") issued a decision finding that McGirr is not disabled. Tr. 15-

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 6.

30. On June 3, 2019, the Appeals Council denied Cooper's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed McGirr's claim for benefits under the process described above. At step one, the ALJ found that McGirr had not engaged in any substantial gainful activity since the

application date. Tr. 17. At step two, the ALJ found that McGirr has several severe spine and shoulder impairments. *Id.* At step three, the ALJ found that his impairments did not meet or medically equal any Listings impairment. Tr. 17-18.

Next, the ALJ determined that McGirr retains the RFC to perform sedentary work with additional restrictions. Tr. 18. At step four, the ALJ found that McGirr has no past relevant work. Tr. 28. At step five, the ALJ found that McGirr can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 28-29. Accordingly, the ALJ concluded that McGirr is not disabled. Tr. 29-30.

**II.   Analysis**

McGirr argues, *inter alia*, that the ALJ erred by constructing a highly specific and detailed RFC that is not grounded in the medical opinions or other evidence. Because the Court agrees, it need not address, and takes no position on, McGirr's other arguments.

It is well-settled that an ALJ's reasoning "must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on her own lay judgment—both of which constitute error. *See, e.g.*, *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("Reviewing courts decry administrative 'cherry picking' of relevant evidence."); *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) ("[A]n ALJ's ability to make inferences about the functional limitations that an impairment poses does not extend beyond

that of an ordinary layperson. While an ALJ may render common sense judgments about functional capacity, she must avoid the temptation to play doctor." (internal quotation marks and brackets omitted)). Put simply, the ALJ must tether the restrictions in the RFC to competent evidence, and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

The ALJ's decision does not meet these standards. The ALJ constructed an RFC with many highly specific restrictions, including that McGirr is limited to:

1. Alternating between sitting and standing once every 30 minutes for five minutes without increasing time off task;
2. Occasionally pushing and pulling, climbing ramps and stairs, balancing on level surfaces, stooping, and kneeling;
3. Frequently reaching with no overhead reaching with his left arm;
4. Frequently performing bilateral handling, fingering, and feeling;
5. Frequently rotating and extending his neck;
6. Understanding and carrying out simple instructions; and
7. Making simple work-related decisions.

Tr. 18. In constructing this RFC, the ALJ gave weight to four medical opinions. Tr. 27-28. One opinion is from consultative examiner Samuel Balderman, M.D., who opined that McGirr had a mild-to-moderate limitation "in frequent changes in position of the head," and a moderate limitation "reaching, pushing, and pulling due to left shoulder pain." Tr. 521. Another opinion is from treating physician Cameron B. Huckell, M.D., who opined that McGirr "should avoid repetitive overhead activities" and is limited to jobs allowing for a "sedentary position." Tr. 674. Finally, M. Bowman, Ph.D., and Gina Zali, Psy.D., opined that McGirr did not have a medically determinable mental health impairment. Tr. 107, 525.

These medical opinions arguably support a few of the restrictions that the ALJ included, but they do not support the remaining restrictions, including the sit-stand option, the handling and fingering restrictions, and the simple-work limitations.

The ALJ may have fashioned these other restrictions based on McGirr's own statements and testimony. The ALJ expressly noted that he limited McGirr to simple instructions and work "due to his testimony that pain interfered with his concentration." Tr. 28; *see also* Tr. 58-59. Some of McGirr's other testimony could arguably support the RFC. For example, the sit/stand option ostensibly relates to McGirr's testimony that he can "stand in one place" for "[j]ust about a half hour" before he has to sit down. Tr. 55. The ALJ may have included the restriction on handling, fingering, and feeling based on McGirr's testimony that his left shoulder sometimes slips out of the socket and causes "weakness and tingling in [his] hands." Tr. 47. The Commissioner also notes that McGirr's objective examination findings support the restrictions on handling, fingering, and feeling. *See* ECF No. 10-1 at 19-20.

But, even if the Court were to assume that the ALJ found McGirr's testimony credible in some respects and relied on it to craft the RFC, it remains unclear why the ALJ then rejected other statements by McGirr that suggested greater restrictions. *See, e.g.*, Tr. 43, 45, 57 (testifying that his pain is a "seven [out of ten on] average"; he can only lift up to five pounds; and he could not perform a job where he needed to sit "most of a workday"). Without an explanation, the ALJ's acceptance of some of McGirr's statements but not others looks like cherry-picking. *See Brown v. Colvin*, No. 15-CV-4823, 2016 WL 5394751, at *14 (S.D.N.Y. Sept. 27, 2016) ("The ALJ cannot selectively decide [the claimant] is credible whenever he suggests ability, but not credible when he describes the severity of his impairments.").

Ultimately, the fact that the Court has difficulty reconstructing the whole of the ALJ's logic shows the inadequacy of the decision. Neither this Court nor the Commissioner on appeal may "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *DiFrancesco v. Comm'r of*

6

*Soc. Sec.*, No. 18-CV-376, 2020 WL 467720, at *3 (W.D.N.Y. Jan. 29, 2020).  It is incumbent on the ALJ to explain her reasons in the first instance.  Because the ALJ did not adequately do so in this case, remand for further proceedings is warranted.  *See Moss*, 2020 WL 896561, at *3.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED and McGirr's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED.  This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 25, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court